## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: CARLA MILLER**


*alacourt.com*

County: **16**   Case Number: **CV-2019-900076.00**   Court Action:
Style: **SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL**


Real Time

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 4/24/2019 | 5:01 PM | ECOMP | COMPLAINT E-FILED. | MON062 |
| 4/24/2019 | 5:02 PM | FILE | FILED THIS DATE: 04/24/2019      (AV01) | AJA |
| 4/24/2019 | 5:02 PM | SCAN | CASE SCANNED STATUS SET TO: N      (AV01) | AJA |
| 4/24/2019 | 5:02 PM | ASSJ | ASSIGNED TO JUDGE: C ROBERT MONTGOMERY   (AV01) | AJA |
| 4/24/2019 | 5:02 PM | TDMJ | JURY TRIAL REQUESTED      (AV01) | AJA |
| 4/24/2019 | 5:03 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE      (AV01) | AJA |
| 4/24/2019 | 5:03 PM | EORD | E-ORDER FLAG SET TO "Y"      (AV01) | AJA |
| 4/24/2019 | 5:03 PM | ORIG | ORIGIN: INITIAL FILING      (AV01) | AJA |
| 4/24/2019 | 5:03 PM | C001 | C001 PARTY ADDED: RONEY SHIRLEY      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | C001 | LISTED AS ATTORNEY FOR C001: MONTGOMERY PATRICK G | AJA |
| 4/24/2019 | 5:03 PM | C001 | INDIGENT FLAG SET TO: N      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | C001 | C001 E-ORDER FLAG SET TO "Y"      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D001 | D001 PARTY ADDED: WALMART STORES EAST, LP  (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D001 | INDIGENT FLAG SET TO: N      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D001 | D001 E-ORDER FLAG SET TO "Y"      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D001 | CERTIFIED MAI ISSUED: 04/24/2019 TO D001  (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D002 | D002 PARTY ADDED: WALMART, INC.      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D002 | INDIGENT FLAG SET TO: N      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE      (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D002 | CERTIFIED MAI ISSUED: 04/24/2019 TO D002  (AV02) | AJA |
| 4/24/2019 | 5:03 PM | D002 | D002 E-ORDER FLAG SET TO "Y"      (AV02) | AJA |
| 4/25/2019 | 11:41 AM | ESCAN | SCAN - FILED 4/25/2019 - RECEIPT | JEJ |
| 5/1/2019 | 1:07 PM | D002 | SERVICE OF CERTIFIED MAI ON 04/26/2019 FOR D002 | JEJ |
| 5/1/2019 | 1:07 PM | D001 | SERVICE OF CERTIFIED MAI ON 04/26/2019 FOR D001 | JEJ |
| 5/1/2019 | 1:08 PM | ESERC | SERVICE RETURN | JEJ |
| 5/1/2019 | 1:09 PM | ESERC | SERVICE RETURN | JEJ |

*END OF THE REPORT*


EXHIBIT

A

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: CARLA MILLER**


alacourt.com

County: **16**   Case Number: **CV-2019-900076.00**   Court Action:
Style: **SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL**

Real Time

### Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 4/24/2019 5:01:55 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 4/24/2019 5:01:56 PM | 2 | COMPLAINT | | 9 |
| 4/24/2019 5:04:35 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 4/24/2019 5:04:35 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 4/25/2019 11:41:36 AM | 5 | RECEIPT | | 2 |
| 5/1/2019 1:09:14 PM | 7 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 5/1/2019 1:09:12 PM | 6 | SERVICE RETURN | SERVICE RETURN | 1 |
| 5/1/2019 1:09:32 PM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 5/1/2019 1:09:30 PM | 8 | SERVICE RETURN | SERVICE RETURN | 1 |

*END OF THE REPORT*

ELECTRONICALLY FILED
4/24/2019 5:01 PM
16-CV-2019-900076.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>16<br><br>Date of Filing:   Judge Code:<br>04/24/2019 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### SHIRLEY RONEY v. WALMART STORES EAST, LP ET AL

**First Plaintiff:**  ☐ Business  ☑ Individual  **First Defendant:**  ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| MON062 | 4/24/2019 5:01:36 PM | /s/ PATRICK GLENN MONTGOMER |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

ELECTRONICALLY FILED
4/24/2019 5:01 PM
16-CV-2019-900076.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

**SHIRLEY RONEY,**

    **Plaintiff,**

**v.**                    **CIVIL ACTION NO.:**

**WALMART STORES EAST, LP, a limited partnership doing business in Alabama,
WALMART, INC., a foreign corporations doing business in Alabama,**

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies. The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the hazardous condition located at Walmart Super Center Store #2760 located at or near 4206 North College Avenue, Jackson, Alabama;

DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

DEFENDANT "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

DEFENDANT "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit; prior to the date of said occurrence;

DEFENDANT "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

DEFENDANT "L", the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

DEFENDANT "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

DEFENDANT "N", the legal entity who or which is the successor in interest of any of those entities described above;

DEFENDANT "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

DEFENDANT "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit;

DEFENDANT "Q", the legal entity who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the floor involved in the occurrence made the basis of this lawsuit;

DEFENDANT "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained;

        Defendants.

---

## PLAINTIFF'S COMPLAINT

---

### STATEMENT OF THE PARTIES

1.      Plaintiff, Shirley Roney, is over the age of nineteen years and a resident citizen of

Wagarville, Washington County, Alabama.

2.      Defendant, Walmart Stores East, LP is a foreign limited partnership who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Clarke County, Alabama.

3.      Defendant, Walmart Inc. is a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Clarke County, Alabama.

## STATEMENT OF THE FACTS

4.      On or about the 3rd day of May, 2017, Plaintiff, Shirley Roney, was on her way to the pharmacy located at the Walmart Super Center, Store #2760.  In order to do so, she had to walk through the jewelry department and vision center.  While doing so, the Plaintiff, Shirley Roney, slipped and fell on water on the floor that was left unattended.  The area was unmarked, and a wet floor sign was not present.

5.      At said time and place, the Defendants, those named and named as fictitious party defendants in the caption of the Complaint, failed to properly maintain and/or mark the hazardous area at Walmart Store located at 4206 North College Avenue, Jackson, Alabama, thus creating a hazardous condition.

6.      Defendants, those named and named as fictitious party defendants in the caption of the Complaint, failed to properly maintain and/or mark the hazardous area at Walmart Store located at Walmart Store located at 4206 North College Avenue, Jackson, Alabama, in order to protect the public from injury.

7.      Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, created a deceptive, defective and unreasonably dangerous condition by failing to properly maintain and/or mark the hazardous area at Walmart Store Walmart Store located at

4206 North College Avenue, Jackson, Alabama.

8.      While walking to the pharmacy inside the Walmart store, the Plaintiff, Shirley Roney, slipped and fell on the defective and unreasonably dangerous condition.  No warning was present that said the defective and unreasonably dangerous condition existed, and no safety devices were used to warn and protect the public from injury as a result of said condition.  As a result, the Plaintiff, Shirley Roney, was injured and damaged.

9.      As a direct and proximate consequence of the deceptive, defective and unreasonably dangerous condition of the floor, the Plaintiff, Shirley Roney, sustained an injury, amongst other things, to her left knee which required surgery, her neck affecting her right arm which required surgery, along with continuing headaches.  Furthermore, Plaintiff, Shirley Roney, was knocked, shocked, bruised, contused and injured over her entire body.

10.     Plaintiff, Shirley Roney, underwent, and continues to undergo, significant medical treatment, including surgery and physical therapy, for the injuries she received in the occurrence made the basis of this lawsuit.

11.     Plaintiff, Shirley Roney, is unable to perform some of her normal activities; she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; and she has otherwise been permanently injured and damaged.

<u>COUNT I</u>
<u>NEGLIGENCE</u>

12.     Plaintiff, Shirley Roney, re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

13.     Defendants, those named and named as fictitious party Defendants in the caption

4

of the Complaint, negligently caused or allowed said area of the floor where Plaintiff was walking to be in such a deceptive, defective and unreasonably dangerous condition that Plaintiff was caused to slip and fall.

14.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, knew, should have known or could have known of the unsafe condition and negligently failed to warn the Plaintiff, Shirley Roney, of the condition.

15.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently failed to instruct and train its employees with respect to the maintenance and safety of the premises.

16.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently failed to inspect said premises in a timely manner.

17.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to train, manage and/or adequately supervise the employees about the wet area of the floor which caused Plaintiff, Shirley Roney's injuries on May 3, 2017.

18.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

19.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to properly warn Plaintiff of the deceptive, defective, and unreasonably dangerous condition which they created.

20.    Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly warn customers of the hazardous conditions in order to protect the public from injury.

5

21.    Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of wet floors, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to abide by said rules or policies.

22.    Defendants, those named and named as fictitious party defendants in the caption of this Complaint, knew or should have known that the failure to maintain the wet floor rendered the premises defective and unreasonably dangerous and that it failed to either warn the plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, maintained its premises in a negligent manner.

23.    As a proximate consequence of Defendants', those named and named as fictitious parties in the caption of this Complaint, negligence, Plaintiff, Shirley Roney, was injured and damaged as alleged in paragraphs 9-11 above.

WHEREFORE, Plaintiff, Shirley Roney, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, in an amount to be determined by a struck jury, interest and the costs of this action.

## COUNT II
## WANTONNESS

24.    Plaintiff, Shirley Roney, re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

25.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly caused or allowed said area where Plaintiff was walking to be in such a defective and unreasonably dangerous condition that Plaintiff was caused to slip and fall.

26.    Defendants, those named and named as fictitious party Defendants in the caption

6

of the Complaint, knew, should have known or could have known of the unsafe condition and wantonly failed to warn the Plaintiff, Shirley Roney, of the condition.

27.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly failed to instruct and train its employees with respect to the maintenance and safety of the premises.

28.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly failed to inspect said premises in a timely manner.

29.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to train, manage and/or adequately supervise the maintenance of the wet floor which caused Plaintiff, Shirley Roney's injuries on Mary 3, 2017.

30.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

31.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to properly safeguard the wet floor and the defective and unreasonably dangerous condition which they created.

32.    Defendants, those named and named as fictitious party defendants in the caption of this Complaint, wantonly failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly maintain the wet floor in order to protect the public from injury.

33.    Defendants, those named and named as fictitious party defendants in the caption of this Complaint, wantonly failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of its premises, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants wantonly failed to abide by said rules or policies.

7

34.     Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, knew or should have known that the lack of maintenance of the wet floor rendered the premises defective and unreasonably dangerous and that it failed to either warn the Plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, maintained its premises in a wanton manner.

35.     As a proximate consequence of Defendants', those named and named as fictitious parties in the caption of this Complaint, wantonness, Plaintiff, Shirley Roney, was injured and damaged as alleged in paragraphs 9-11 above.

WHEREFORE, Plaintiff, Shirley Roney, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

## COUNT III

Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.  The negligence, wantonness, recklessness, and negligent, reckless, and wanton supervision and training, or other wrongful conduct of the Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, combined and concurred to proximately cause the Plaintiff's injuries.

WHEREFORE, Plaintiff, Shirley Roney, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

**\*\*\* PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY\*\*\***

8

Respectfully Submitted,

*/s/ Patrick G. Montgomery*
Patrick G. Montgomery (MON062)
Attorney for Plaintiff

OF COUNSEL:
Morgan & Morgan Alabama, PLLC
63 S. Royal Street, Suite 710
Mobile, AL 36602
Phone:          (251) 800-6030
Facsimile:      (251) 800-6061
Email:          pmontgomery@forthepeople.com

**PLEASE SERVE BY CERTIFIED MAIL:**

Walmart Stores East, LP
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

Walmart, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104



AlaFile E-Notice

16-CV-2019-900076.00

To:   PATRICK GLENN MONTGOMERY
      pmontgomery@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL
16-CV-2019-900076.00

The following complaint was FILED on 4/24/2019 5:01:56 PM

Notice Date:     4/24/2019 5:01:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2019-900076.00

To:  WALMART STORES EAST, LP
     C/O CT CORPORATION SYSTEM
     2 N. JACKSON ST., STE 605
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL
16-CV-2019-900076.00

The following complaint was FILED on 4/24/2019 5:01:56 PM

Notice Date:     4/24/2019 5:01:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2019-900076.00

To:  WALMART, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL
16-CV-2019-900076.00

The following complaint was FILED on 4/24/2019 5:01:56 PM

Notice Date:     4/24/2019 5:01:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2019-900076.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**
**SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL**

**NOTICE TO:** WALMART STORES EAST, LP, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), PATRICK GLENN MONTGOMERY ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 63 South Royal Street, Mobile, AL 36602 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHIRLEY RONEY

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 4/24/2019 5:01:56 PM | /s/ SUMMER SCRUGGS PADGETT | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ PATRICK GLENN MONTGOMERY

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| | | *(Address of Server)* |
| --- | --- | --- |
| *(Type of Process Server)* | *(Server's Signature)* | |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2019-900076.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**
**SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL**

NOTICE TO: WALMART, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), PATRICK GLENN MONTGOMERY
_____
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 63 South Royal Street, Mobile, AL 36602
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHIRLEY RONEY
pursuant to the Alabama Rules of the Civil Procedure.                                                    *[Name(s)]*

| 4/24/2019 5:01:56 PM | /s/ SUMMER SCRUGGS PADGETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ PATRICK GLENN MONTGOMERY
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                              *(Name of County)*

Alabama on _____.
*(Date)*

_____          _____
*(Type of Process Server)*                          *(Address of Server)*

_____          _____
*(Server's Signature)*

_____          _____
*(Server's Printed Name)*                            *(Phone Number of Server)*

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

OFFICIAL USE

| Certified Mail Fee | |
| --- | --- |
| $ | |

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)         $ _____

☐ Certified Mail Restricted Delivery    $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery   $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To   WALMART STORES EAST, LP, C/O CT CORPORATION SYSTEM

Street  2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

City, State, ZIP+4®

7015 0640 0004 4055 4342

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

O F F I C I A L   U S E

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

**Postage**

$

**Total Postage and Fees**

$

*Sent* : WALMART, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSO

*Street and Apt. No., or PO Box No.*
        N ST, STE 605, MONTGOMERY, AL 36104

*City, State*

7015 0640 0004 4055 4135

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WALMART, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. STE 605
MONTGOMERY, AL 36104

A. Signature

X

B. Received by (Printed Name)

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

01-19-1-70

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7015 0640 0004 4055 4135

9590 9403 0151 5234 6042 35

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



AlaFile E-Notice

16-CV-2019-900076.00

Judge: C ROBERT MONTGOMERY

To:  MONTGOMERY PATRICK GLENN
     pmontgomery@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL
16-CV-2019-900076.00

The following matter was served on 4/26/2019

**D002 WALMART, INC.**

**Corresponding To**

CERTIFIED MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

APR 0 0 2019

1. Article Addressed to:

WALMART STORES EAST, LP
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST., STE 805
MONTGOMERY, AL 36104

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

CV-19-9-76

9590 9401 0151 5234 6062 42

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7015 0640 0004 4055 4142

PS Form 3811 July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



AlaFile E-Notice

16-CV-2019-900076.00

Judge: C ROBERT MONTGOMERY

To: MONTGOMERY PATRICK GLENN
pmontgomery@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

SHIRLEY RONEY V. WALMART STORES EAST, LP ET AL
16-CV-2019-900076.00

The following matter was served on 4/26/2019

**D001 WALMART STORES EAST, LP**

**Corresponding To**

CERTIFIED MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363